J-S03018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REINALDO FANTAUZZI | |
| Appellant | No. 920 EDA 2015 |

Appeal from the Judgment of Sentence February 20, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003898-2005

BEFORE: FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 18, 2016**

Reinaldo Fantauzzi appeals, *pro se*, from the judgment of sentence imposed on February 20, 2015, in the Court of Common Pleas of Northampton County, following his resentencing[1] on charges of two counts of attempted homicide, four counts each of aggravated assault and reckless endangerment, and one count each of possession of a firearm prohibited and firearms not to be carried without a license.[2] Fantauzzi received an aggregate sentence of 28-56 years' incarceration. Fantauzzi filed a timely

---

[1] Fantauzzi was resentenced because his original sentence, imposed in 2006, was illegal due to application of a mandatory minimum pursuant to 42 Pa.C.S. § 9712, which has been declared unconstitutional. **See Alleyne v. United States**, 133 S.Ct. 2151 (2013); **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*).

[2] 18 Pa.C.S. §§ 2502, 2702, 2705, 6105(a.1)(1), and 6106, respectively.

post-sentence motion for reconsideration, which was denied. He then filed a timely appeal. Subsequently, Fantauzzi's counsel filed a motion to withdraw from representation with our Court, which was granted. The matter was remanded for a **Grazier**[3] hearing, which was held on May 22, 2015, after which Fantauzzi was allowed to proceed *pro se*. He filed a new Pa.R.A.P. 1925(b) statement of matters complained of on appeal challenging the discretionary aspects of his sentence. Fantauzzi claims the trial court erred in: (1) failing to order a pre-sentence report prior to resentencing or to state on the record why a presentence report was unnecessary; (2) deviating from the sentencing guidelines without stating the reasons and without filing a contemporaneous written statement supporting the deviation; and (3) imposing a manifestly excessive sentence, specifically due to the consecutive sentence structure. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm on the basis of the Pa.R.A.P. 1925(a) opinion authored by the Honorable Jennifer Sletvold.

Fantauzzi was convicted of shooting at four people in a drive-by incident. One person was sitting in a car; three were on a porch of a nearby house. One of the individuals on the porch, who was already wheelchair bound, was struck in the leg, thereby constituting serious bodily injury.

_____

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Regarding Fantauzzi's first claim, we rely on the trial court's opinion at pages 3-5. Our independent review of the certified record confirms the trial court possessed sufficient relevant information regarding Fantauzzi to determine a sentence. The trial court was in possession of the original presentence report, Fantauzzi had been incarcerated the entire time between the imposition of the original sentence and the new sentence, and the parties were given the opportunity to provide any updated information. Accordingly, Fantauzzi's first claim is meritless.

Next, Fantauzzi asserts his new sentence for attempted homicide, serious bodily injury caused, is improper because the sentence of 180-360 months' incarceration was based on an incorrect understanding of the applicable guidelines. Fantauzzi argues the offense gravity score (OGS) was a 14 and his prior record score (PRS) was 4. That combination produced a standard range minimum sentence between 168-240 months. However, at resentencing, Judge Sletvold stated in open court that the standard range minimum sentence range was between 186 to 240 months. **See** N.T. Resentencing, 2/20/2015, at 11. Accordingly, he argues his 180 month minimum sentence is a deviation from the guidelines and Judge Sletvold provided no reasoning for that deviation.[4]

_____

[4] This does not represent a deviation from the guidelines. Based upon a standard range minimum sentence of 186 to 240 months, a 180 month sentence would represent a mitigated range sentence. The guidelines include both aggravated and mitigated range sentences.

Fantauzzi is correct that under the basic sentencing matrix applicable at the time (6th edition), the standard range minimum sentence for an OGS 14, PRS 4 was 168-240 months. However, he fails to recognize that he was subject to the deadly weapon used enhancement, which raised the standard range minimum sentence to 186-240 months, as announced in court.[5] **See** 204 Pa.Code § 303.18. We have reviewed the certified record and understand Fantauzzi's confusion on this issue. While the enhancement was noted on the original sentencing form filled out in 2006, it was inadvertently omitted from the 2015 sentencing form. From the paperwork, it appears that the deadly weapon used enhancement was not applied. However, the certified record confirms that the deadly weapon used enhancement was applicable; Fantauzzi shot at four people, hitting one of them. As noted, Fantauzzi was subject to the enhancement in his original sentence. Therefore, he was clearly on notice the enhancement applied. The standard range sentence announced in open court accurately reflected the application of the deadly weapon used enhancement, and no objection was raised regarding the announced standard range. **See** N.T. Resentencing Hearing, 2/20/2015, at 11-12. Accordingly, even though sentencing form failed to note application of the deadly weapon used enhancement, our review

_____

[5] We note that application of the deadly weapon enhancement does not run afoul of the **Alleyne v. United States**, **supra**, line of cases regarding the application of mandatory minimum sentences. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*).

demonstrates the enhancement was properly applied. Therefore, the sentencing court began its sentencing analysis considering the correct standard range minimum sentence. *See* Trial Court Opinion at 6-7.

Nonetheless, if we interpret Fantauzzi's claim as an argument that his sentence is a deviation from the standard range, he would be correct. The 180 months minimum sentence is 6 months below the standard range minimum sentence of 186 months. He is correct that no explanation for this mitigated range sentence has been provided by the sentencing court. However, where the Commonwealth has not objected to or appealed the imposition of a mitigated range sentence nor the failure to explain the mitigated range sentence, and Fantauzzi cannot demonstrate any prejudice at having received a mitigated range sentence, we will neither vacate the sentence nor remand for further explanation.

Next, we briefly address Fantauzzi's allegation that because all the shootings took place at one time, he is only subject to punishment for one crime, not four. This is a tired argument that was properly laid to rest decades ago.

> Therefore, if five individuals are robbed in a room at gunpoint, five separate robberies have occurred since each victim was placed in apprehension by the acts of the assailant. We have previously held that where separate crimes are committed against different individuals, a defendant is not placed in double jeopardy by being tried for each crime, even though the crimes took place at the same place and approximately the same time.

*Commonwealth v. Szulczeweski*, 335 A.2d 810, 813 (Pa. Super. 1975) (citation omitted). Similarly, shooting at four people in one incident represents four separate crimes. As the four shootings are properly considered to be four separate crimes, it is well settled that the decision to impose consecutive or concurrent sentences is within the sound discretion of the sentencing court.

> [Defendant] argues that, because the crimes happened in close temporal proximity to one another, the court should have ordered the sentences to be concurrent. We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court … We see no reason why [a defendant] should be afforded a 'volume discount' for his crimes by having all sentences run concurrently.

*Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) (citations omitted).

Judgment of sentence affirmed. Parties are directed to attach a copy of the trial court opinion in the event of further proceedings.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/18/2016

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY
COMMONWEALTH OF PENNSYLVANIA
CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | No.: 920 EDA 2015 |
| vs. | Trial Court No.: CR-2005-3898 |
| REINALDO FANTAUZZI, | |
| Appellant | |

MEMORANDUM OPINION

## I. Introduction

This Memorandum Opinion is filed in accordance with Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. Reinaldo Fantauzzi (hereinafter, "Appellant") files the instant appeal from the judgment of sentence entered by the undersigned judge at a hearing on Appellant's "Motion to Correct Illegal Sentence Nunc Pro Tunc Motion to Modify Sentence." The factual and procedural history follows.

In July of 2006, Appellant was convicted of two counts of attempted murder (one with serious bodily injury caused, and one with serious bodily injury not caused), four counts of aggravated assault, one count of persons not to possess firearms, one count of possession of a firearm without a license, and four counts of recklessly endangering another person. On September 14, 2006, Appellant was sentenced by the Honorable Edward G. Smith[1] to twenty-eight to fifty-six years of incarceration for same. On November 12, 2014, Appellant filed the

---

[1] The Honorable Edward G. Smith is no longer sitting on the Court of Common Pleas of Northampton County as he now serves as a United States District Judge of the United States District Court for the Eastern District of Pennsylvania.

1

"Motion to Correct Illegal Sentence and/or Nunc Pro Tunc Motion to Modify Sentence." In the Motion, then counsel for Appellant, Eric K. Dowdle, argued that the Sentencing Court improperly considered and imposed mandatory minimum sentencing pursuant to 42 Pa.C.S. § 9712, et seq.[2], which has since been declared unconstitutional, with respect to Appellant's convictions involving possession of firearms. In his Motion, Appellant requested that this Court vacate the sentence of September 14, 2006, and schedule a new sentencing hearing. Per agreement of the Commonwealth and the Appellant, this Court granted Appellant a re-sentencing hearing, which was held on February 20, 2015. The Court also vacated the original sentence of September 14, 2006. Following the re-sentencing hearing, the undersigned judge imposed a new sentence without considering a mandatory minimum of five years based on the use of a firearm. Appellant was re-sentenced to serve a total of twenty-eight to fifty-six years of incarceration.[3]

On February 27, 2015, Appellant filed a "Post Sentence Motion - Motion to Reconsider." This Court denied same on March 2, 2015. Appellant then filed a Notice of Appeal to the Superior Court of Pennsylvania on March 31, 2015 from this Court's judgment of sentence entered on February 20, 2015. Thereafter, on May 29, 2015, Appellant filed a *pro se* Concise Statement of Matters Complained Pursuant to Pa.R.A.P. 1925(b).[4]

---

[2] 42 Pa. C. S. A. § 9712 states in relevant part:
> any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

[3] Upon agreement of the parties, Appellant received the same sentence as the original sentence, without consideration of the mandatory minimum sentence at issue.

[4] Mr. Dowdle withdrew as counsel, and Appellant was afforded a *Grazier* hearing on May 22, 2015 at which he expressed a desire to represent himself.

2

## II.    Matters Complained of on Appeal

In his Statement of Errors Complained of on Appeal, Appellant contends that this Court erred as a matter of law and/or fact, stating the following as issues in error:

1.  "The trial Court erred by failing to order a pre-sentence investigation report prior to sentencing pursuant to Pa. R. Crim. 702 or stating, on the record the reason a pre-sentencing report was not necessary.";

2.  "The trial court erred by deviating from the sentencing guidelines without stating, on the record, the reasons for the deviation, and further failed to file a contemporaneous statement supporting the sentencing guidelines deviation.";

3.  "The sentence imposed was manifestly excessive and the consecutive sentence structure constitutes an abuse of discretion."

We will address Appellant's statements of matters complained of on appeal as he has presented them.

## III.    Discussion

*1.    "The trial Court erred by failing to order a pre-sentence investigation report prior to sentencing pursuant to Pa. R. Crim. 702 or stating, on the record the reason a pre-sentencing report was not necessary."*

The Pennsylvania Rules of Criminal Procedure vest a sentencing judge with the discretion to order a pre-sentence investigation (PSI) report as an aid in imposing an individualized sentence. Pa.R.Crim.P. 702 provides, in relevant part:

**702. Aids in Imposing Sentence**

**(A) Pre-sentence Investigation Report**

(1) The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case.

(2) The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:

> (a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes;

3

(b) when the defendant is less than 21 years old at the time of conviction or entry of a plea of guilty; or
(c) when a defendant is a first offender in that he or she has not heretofore been sentenced as an adult.

Pa.R.Crim.P. 702(A)(1), (2)(a-c). The Superior Court in *Commonwealth v. Goggins*, 748 A.2d 721 (Pa. Super. 2000), provided guidance on this issue. It stated that the first responsibility of the sentencing judge:

[is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background....The court must exercise "the utmost care in sentence determination" if the defendant is subject to a term of incarceration of one year or more[.]

*Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa. Super. 2000) (en banc) (citations, quotation, and quotation marks omitted). *See also Com. v. Carrillo-Diaz*, 64 A.3d 722, 726 (Pa. Super. 2013).

In this case, we not only obtained and thoroughly reviewed Appellant's PSI report[5], but on the day of Appellant's sentencing, we also noted and considered revisions that were placed on the record at the original sentencing hearing with respect to the PSI report involving Appellant's contact with his child. Additionally, when this Court asked counsel for both the Commonwealth and the Appellant if there were any additional revisions to the PSI, both parties indicated that there were no further revisions, and Appellant's counsel thanked this Court for incorporating the aforementioned revisions into Appellant's PSI report. *See* Notes of Testimony ("N.T.") 2/20/2015, at 10:1-6. It is evident from the record that this Court was aware of sufficient information about the Appellant in order to tailor Appellant's sentence to his individual needs, thereby allowing a fully informed, individualized sentencing decision.

---

[5] A PSI Report was previously prepared in this matter by the Northampton County Probation Department following the Appellant's convictions. Appellant has been incarcerated without interruption since the preparation of that report.

4

As such, in accordance with the foregoing, we submit that this first issue presented by Appellant is without merit and should be dismissed.

2.    "*The trial court erred by deviating from the sentencing guidelines without stating, on the record, the reasons for the deviation, and further failed to file a contemporaneous statement supporting the sentencing guidelines deviation.*"

3.    "*The sentence imposed was manifestly excessive and the consecutive sentence structure constitutes an abuse of discretion*"

Primarily, we submit that the sentence imposed was within the proper sentencing guidelines. In fact, defense counsel confirmed that the guidelines submitted to the Court were correct. (N.T. 2/20/15 at pp.10-11). Counsel also confirmed that the Court could rely on Appellant's prior record score of four as set forth on the sentencing guideline forms. *Id.* at 11:11-15. Nevertheless, Appellant is arguing that the sentence was "manifestly excessive."

A claim for misapplication of sentencing guidelines constitutes a challenge to the discretionary aspects of a sentence. *Commonwealth v. Archer, 722 A.2d 203, 210* (Pa. Super. 1998). The standard of review of discretionary aspects of sentencing is an abuse of discretion. *Id.* at 211. "Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Id.* (citing *Commonwealth v. Smith*, 545 Pa. 487, 681 A.2d 1288 (1996)); *See also* 42 Pa.C.S. § 9781(c).

We maintain that the statutory limits, as applied in this case, were proper. Under Pennsylvania's Sentencing Code, 42 Pa.C.S. § 9701 *et seq.,* a trial court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Commonwealth v.*

5

*Ward,* 524 Pa. 48, 568 A.2d 1242, 1243 (1990); *See also,* 42 Pa.C.S. § 9721(b). At the time of Appellant' re-sentencing, the Court took into account not only the sentencing guidelines, but also the information about the Appellant contained in the entire PSI report discussed *supra.* This information includes the Appellant's age at the time of the offense, the evidence of the circumstances of the offenses presented during the course of the trial, the fact that the Appellant was on state parole at the time he committed the offenses and was not cooperative with his state parole, the extensive prior record of the Appellant, the fact that Appellant pled guilty to a prior offense that involved a firearm, and Appellant's rehabilitative potential. *See,* N.T., 2/20/15 at pp. 15-16. The Court also weighed the information regarding the Appellant's character as well as the mitigating factors as contained in the PSI report in order to impose an appropriate sentence. *Id.* at p. 16. Additionally, the Court considered Appellant's education, family, and his limited prior employment, as well as all of the statements that Appellant and his counsel placed on the record. *Id.* at pp. 16-21. Taking all of those factors into consideration, and given the Court's obligation to impose a sentence that includes minimum confinement that is consistent with the protection of the public and the gravity of the offenses as they relate to the impact on the lives of the victims and the community, the Court re-sentenced Appellant to an aggregate sentence of 336 months to 672 months or 28 to 56 years of incarceration. *See, Id.* at pp. 21-23. The Court stressed that it did not consider a mandatory minimum of five years based on the use of a firearm with respect to the re-sentencing of Appellant. *Id.* at p. 11.

Given the relevant Sentencing Guidelines, as well as Appellant's prior record score, the sentence that we imposed of 336 months to 672 months, or 28 years to 56 years, was appropriate and within the stated guideline ranges. Appellant's offenses and corresponding standard range sentences which formed the basis of this Court's sentencing decision are as follows:

With respect to the offense of criminal attempt to commit homicide where there was serious bodily injury, the Sentencing Guidelines provide for a standard range sentence of 186 to 240 months of incarceration. For this offense, the statutory maximum is 40 years of incarceration. With respect to the offense of criminal attempt to commit homicide where there was not serious bodily injury, the Sentencing Guidelines provide for a standard range sentence of 102 to 184 months of incarceration. This offense carries a mitigated range of 72 months and an aggravated range of 114 months. With respect to the offense of aggravated assault where serious bodily injury was caused, the Sentencing Guidelines provide for a standard range sentence of 78 to 96 months of incarceration. With respect to each charge of aggravated assault where serious bodily injury was not caused[6], the Sentencing Guidelines provide for a standard range of 48 to 60 months of incarceration. With respect to the offense of persons not to possess firearms, the Sentencing Guidelines provide for a standard range of 48 to 60 months as a minimum. With respect to the offense of firearms not to be carried without a license, the Sentencing Guidelines provide for a standard range of 36 to 42 months. The statutory maximum period of incarceration for this offense is 84 months. With respect to each count of recklessly endangering another person[7], the Sentencing Guidelines provide for a standard range of 9 to 12 months. The statutory maximum period of incarceration for this offense is 24 months.

For sentencing purposes, the charge of aggravated assault where serious bodily injury was caused merged into the offense of criminal attempt to commit homicide where serious bodily injury was caused. Also, one count of the offense of aggravated assault where serious bodily injury was not caused merged into the offense of attempted murder where serious bodily injury was not caused.

---

[6] Appellant was charged with three counts of aggravated assault where serious bodily injury was not caused.

[7] Appellant was charged with four counts of recklessly endangering another person.

7

We ordered that Appellant's two counts for criminal attempt to commit homicide are to run consecutive to each other, and the count for persons not to possess firearms is to run consecutive to the two charges of criminal attempt to commit homicide. The remainder of Appellant's sentence is to run concurrent to the other counts.

Because this Court's sentence was within the stated guideline ranges and was otherwise appropriate, this statement of error is without merit. Importantly, the re-sentencing was conducted, and the sentence issued upon agreement of the parties. Accordingly, Appellant has also waived these claims.

BY THE COURT,

DATE: 4/11/14

JENNIFER R. SLETVOLD, JUDGE

8